ERIC R. WELSH
Reeves and Associates APLC
2 North Lake Avenue 9th Floor
Pasadena, CA 91101
Tel: 626-795-6777
Fax: 626-795-6999
Email: ewelsh@rreeves.com
*Attorney for Plaintiff*

ANDRÉ BIROTTE, JR.
United States Attorney
TONY WEST
Assistant Attorney General
COLIN A. KISOR
Senior Litigation Counsel
KATHERINE E.M. GOETTEL
Trial Attorney
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 532-4115
Facsimile: (202) 305-7000
Email: kate.goettel@usdoj.gov
*Attorneys for Defendants*

### NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| NNADI LINUS UDENGWU, | ) |
| | ) SACV 10-1819-JAK (PLAx) |
| Plaintiff, | ) |
| | ) STIPULATION AND PROCTECTIVE |
| v. | ) ORDER |
| | ) |
| ERIC H. HOLDER, JR., et al.. | ) |
| | ) |
| Defendants. | ) |
| | ) |

Stipulation and Protective Order
Page 1

The parties, by and through counsel, stipulate and agree that:

1. The Privacy Act of 1974, 5 U.S.C. § 552a, regulates the collection, maintenance, use and dissemination of personal information by federal government agencies, and prohibits federal agencies from disclosing any such information to any individual other than the individual to whom the records pertain, subject to certain exceptions. *See* 5 U.S.C. § 552a(b). A court of competent jurisdiction may order the disclosure of materials protected by the Privacy Act. *See* 5 U.S.C. § 552(a)(b)(11).

2. In this case, Defendants contend that some of the documents which they will disclose in the course of this litigation (1) contains information about individuals protected by the Privacy Act and (2) information that, if disclosed, might result in an invasion of personal privacy of the subjects of the records.

3. The parties agree that entry of this Stipulation and Protective Order is necessary to facilitate discovery of information without document-by-document controversy concerning confidentiality. "Confidential information" is defined in paragraph 5 of this Stipulation and Protective Order. The parties therefore seek an Order of the Court permitting the federal defendants to produce such records to plaintiff under the conditions in this Stipulation and Protective Order and permitting the parties to use such records solely for the purposes of this litigation.

4. The defendants shall produce documents responsive to any of

discovery requests even where the defendants contend that those documents are exempt from the conditions and limitations that follow.

5. Counsel for the defendants shall designate in writing those documents as "Confidential" that the defendants contend are exempt from disclosure to Plaintiff by the Privacy Act. Such designations shall be made at the time of production whenever possible. Alien files, in their entirety, will be designated "confidential."

6. Except as provided herein, no person having access to material designated as Confidential shall make public disclosure of those materials or any information contained therein without further Order of the Court, stipulation of all parties, and/or as permitted by this Order.

7. Counsel shall take reasonable steps to safeguard the confidentiality of all documents, records, and information produced pursuant to this Stipulation and Protective Order.

8. The right of access to materials designated as Confidential shall be limited to the parties, counsel for the parties, paralegals and expert or opinion witnesses in the parties' employ or retainer, and any other person mutually authorized by counsel for all parties to examine such materials. The foregoing right of access to these materials shall be provided only if a party or counsel for the party is a signatory to this Order and agrees to be bound by its terms.

9. The parties shall have the right to use records produced by the defendants in the conduct of this matter and in all preparations for trial. Any disclosure of the Confidential documents and records to third parties will be conditioned upon the recipient being advised of the terms of this Stipulation and Order and agreeing in writing to comply with its terms. The third-party recipient must also be advised that a failure to comply with this Order may result in the imposition of sanctions by this Court. Such written agreement shall take the following form:

> I, _____, hereby acknowledge that I have read the Stipulation and Protective Order entered on _____, 2011 in *Udengwu v. Holder, et al.*, No. SACV 10-1819-DOC(PLAx), in the United States District Court for the Central District of California. I hereby agree to be bound by the terms and conditions of that Protective Order, including that the documents and information protected by that Protective Order are to be used for the sole purpose of this litigation and that they may not be disclosed, in any manner whatsoever, to anyone for any other purpose or reason whatsoever. I acknowledge that my duties under that Protective Order shall survive the termination of this case and are permanently binding on me and that failure to comply with the Protective Order may result in the imposition of sanctions by the Court.

10. The parties shall have the right to fully use records produced by any party in pursuit of this litigation, including, but not limited to, using them in the examination of any witnesses, and in the presentation of all types of evidence, in the making and defending of pre-trial, trial and discovery motions, in trial and

appellate briefs, and in argument.

11. In the event that any Confidential document, record, or information is included in any document filed with the Court or is attached to any document filed with the Court as an exhibit, the filing party shall **submit an application to** file that portion of the brief or that exhibit under seal. **The application must show good cause for the under seal filing.**

12. In the event that any Confidential material is used in any court proceeding herein, it shall not lose its Confidential status through such use, and the parties shall take all steps reasonably necessary to protect its confidentiality during such use.

13. Nothing in this Stipulation and Protective Order shall be construed to limit the rights of any party to produce documents or other information that has been redacted to prevent disclosure of information protected by the law enforcement privilege, deliberative process privilege, confidential informant privilege, attorney-client privilege, work product doctrine, or any other applicable privilege or limitation on disclosure. Where documents or other information has been redacted or withheld, counsel shall designate in writing the privilege and/or other basis for the redaction or withholding.

14. Nothing in this Stipulation and Protective Order shall be construed as waiving any party's right to object to the assertion of any privilege, doctrine or

statute and/or moving to compel production of the information, records or documents withheld pursuant to them.

15. Nothing in this Stipulation and Protective Order constitutes a ruling upon any objection to the production of documents.

16. Nothing in this Stipulation and Protective Order shall be construed to waive or affect the rights of any party to object to any discovery request, and nothing in this Stipulation and Protective Order shall be construed to waive or affect the rights of any other party to challenge such objections and/or move to compel a response to that discovery request or the rights of any party to seek a further protective order regarding any documents or information.

17. Nothing in this Stipulation and Protective Order shall be construed to require the disclosure of personal identifying information. All such information may be redacted prior to disclosure or filing in accordance with Local Rule of Civil Procedure 5.1.3, except as already known to the requesting party. By way of illustration, plaintiff's personally identifying information and that of his immediate family will not be removed before documents are produced to plaintiff.

18. Upon completion of this action, including any subsequent appellate review, plaintiff and his counsel shall certify to the District Court that they have irretrievably destroyed all documents in their possession, custody or control that are described in the fourth and fifth paragraphs of this Protective Order. They shall

further certify that they have destroyed all copies and/or duplicates, as defined by Rule 1001(4) of the Federal Rules of Evidence that are in their possession, custody or control.

19. This document may be executed in counterparts and returned by facsimile. Signatures on such electronic counterparts shall be treated as original signatures in all respects.

20. The parties agree to the above provisions and consent to entry of this Order.

**SO ORDERED.**

**BY THE COURT:**

June 27, 2011

*(signature)*

JUDGE PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

**BY THE PARTIES:**

DATED: June 13, 2011

| **Attorney for Plaintiff** | **Attorneys for Defendants** |
|---|---|
| *s/ Eric R. Welsh* | TONY WEST |
| ERIC R. WELSH | Assistant Attorney General |
| Reeves and Associates APLC | |
| 2 North Lake Avenue 9th Floor | COLIN A. KISOR |
| Pasadena, CA 91101 | Senior Litigation Counsel |
| Tel: 626-795-6777 | |
| Fax: 626-795-6999 | *s/ Katherine E.M. Goettel* |

| | | |
|---|---|---|
| 1 | Email: ewelsh@rreeves.com | KATHERINE E.M. GOETTEL |
| 2 | | Trial Attorney |
| | *Attorney for Plaintiff* | Office of Immigration Litigation |
| 3 | | Civil Division |
| 4 | | United States Department of Justice |
| | | P.O. Box 868, Ben Franklin Station |
| 5 | | Washington, D.C. 20044 |
| 6 | | Tel: (202) 532-4115 |
| | | Fax: (202) 305-7000 |
| 7 | | Email: kate.goettel@usdoj.gov |
| 8 | | |
| 9 | | *Attorneys for Defendants* |

Stipulation and Protective Order
Page 8